By the Court.
This action originated in the municipal court of Cleveland, wherein the Stahl Company brought suit against the Building Company for commissions claimed to be due for providing a tenant for defendant’s building. In that action the defendant joined issue on the material facts *48 pleaded by the plaintiff as a ground for recovery. The case was tried to the court. The journal entry of the municipal court shows the following: “trial proceeded with, and, at the close of plaintiff’s evidence, defendant moved the Court for a finding in its favor, which motion is heard and granted, and the Court therefore finds for the defendant, to which ruling the .plaintiff excepts.”
This entry was followed by a judgment in favor of the defendant. Thereupon plaintiff filed a motion for a new trial, in which there was no assignment that the judgment rendered was against the weight of the evidence. Error was prosecuted to the court of common pleas, which reversed the judgment of the municipal court for the sole reason that there was “error in granting defendant’s motion to make finding for defendant and enter judgment for defendant on its findings; no other error appearing in the record.” This latter judgment was affirmed by the court of appeals.
While the record does not disclose the exact reason why the court of common pleas and the court of appeals reversed the municipal court, it is claimed by counsel for plaintiff in error, and not denied by the other side, that these courts held that if there was a scintilla of evidence or a prima facie case made in the municipal court it was obligatory upon that court to deny judgment in favor of the defendant, even though a preponderance of the evidence was against the plaintiff at the time it rested its case. Indeed, this principle has been sustained by some of the courts of this country upon the theory that such motion made by defendant is *49 in fact tantamount to a nonsuit, wherein the motion of the defendant at the close of plaintiff’s evidence presents. solely a question of law. This principle, however, has been denied in other jurisdictions, and we concur in the latter view. The former adopts the same principle applied to a case tried by jury wherein the jury is essentially a trier of fact. In such case, where some material evidence has been offered in support of the plaintiff’s claim, even though counterbalanced by the testimony of the defendant, the issuable facts should be submitted to a jury. But why should the rule apply to the trial court which has assumed the province of a jury in the trial of issuable facts ? Unquestionably, the defendant had the right at the close of the plaintiff’s evidence to rest its case and submit it upon the facts proven. We see no reason why, at the close of plaintiff’s case, if the evidence of the plaintiff preponderates in favor of the defendant, the case should proceed further, incurring useless expense and for an unavailing purpose unless the defendant were unfortunate enough to offer testimony that would bolster up his opponent’s case.
The trial of a law case to the court without the intervention of a jury is tantamount to the trial of a chancery case. If the plaintiff at the close of his- case has offered no evidence upon a material fact required to be proved, or has offered evidence of such a character as to overwhelm any prima facie case made by him, common sense would require that at the instance of the defendant the litigation should be then terminated. There is no pre *50 sumption that later in the trial the defendant would offer more substantial evidence in the plaintiff’s favor than plaintiff himself offered.
The judgments of the court of common pleas and of the court of appeals are reversed, and that of the municipal court affirmed.

Judgments reversed.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.